IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY S. WOMACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-683-R |
| | ) |
| MERCY HOSPITAL OKLAHOMA CITY, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Dismiss, Doc. No. 25, filed by Defendant Mercy Hospital pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Womack has responded in opposition to the motion, Doc. No. 27, and Defendant has replied, Doc. No. 28. Upon review of the parties' submissions, the Court grants Defendant's motion in part and denies the motion in part.

On July 26, 2019, Plaintiff Kimberly Womack filed suit in federal court alleging that Defendant Mercy Hospital discriminated against her on the basis of her age and her disability, in violation of federal law. Doc. No. 1. In her Amended Complaint, filed on March 13, 2020, Plaintiff alleges seven causes of action: (1) "*Intentional* employment Discrimination"; (2) "Failure to Engage in Interactive Process pursuant to the Americans with Disabilities Act; [Civil Rights Act of 1991], 42 U.S.C. § 1981a(2)[1]; [Title VII of the Civil Rights Act of 1964], 42 U.S.C. § 2000e–5"; (3) "Failure to Provide a Reasonable

---

[1] The Civil Rights Act of 1991 does not provide Plaintiff with a cause of action. The Act added provisions to Title VII of the Civil Rights Act of 1964, expanding an individual's right to collect compensatory and punitive damages for certain types of discrimination. *See* 42 U.S.C. § 1981 et seq., Pub. L. 102-166.

1

Accommodation In Violation of the [ADA]"; (4) "Failure to Prevent Harassment and Discrimination—Hostile Work Environment"; (5) "Disparate Treatment: Fail[ure] to Accommodate [and] Provide a Reasonable Accommodation"; (6) "Retaliation in Violation of the [ADA]" and ; (7) "Retaliation in Violation of the Age Discrimination in Employment Act. Doc. No. 19, pp. 4–12. Plaintiff also appears to allege, throughout her Amended Complaint, that Defendant violated a number of other federal and state laws not clearly stated in her above-mentioned counts. *See, e.g.*, Doc. No. 19, pp. 2, 13 (citing violations of the National Labor Relations Act, the Family Medical Leave Act, the Rehabilitation Act, and the Oklahoma Anti-Discrimination Act). On April 10, 2020, Defendant filed its Motion to Dismiss, Doc. No. 25, pursuant to Federal Rule of Civil Procedure 12(b)(6).

In considering Defendant's Motion to Dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001).

2

"[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991). Because Plaintiff is proceeding *pro se*, her Amended Complaint is held to a less stringent standard. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Defendant first contends that Plaintiff's claims brought pursuant to Title VII, the ADA, the ADEA, the OADA, and the Rehabilitation Act should be dismissed because Plaintiff failed to comply with her pre-suit conditions. Doc. No. 25, pp. 4–9. Specifically, Defendant alleges that Plaintiff checked only the "disability" box on her EEOC charge form and as a result, her age discrimination claims must be dismissed. *Id.* at 4–6. Defendant also contends that all of Plaintiff's discrimination claims are subject to dismissal because her EEOC form was not signed or verified as required by law. *Id.* at 6–9. Plaintiff objects, arguing that she is in compliance with all her pre-suit conditions. Doc. No. 27, pp. 1–23. Defendant's second argument—concerning Plaintiff's alleged failure to sign and verify her EEOC charge form—is determinative. Therefore, the Court need not address Plaintiff's first argument.

> [A]s a condition to filing suit in federal court, Title VII . . . requires claimants to submit a "charge" to the EEOC. That submission must "be in writing under oath or affirmation" and "contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e–5(b). EEOC regulations interpreting the statute reiterate that a charge "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. And the regulations clarify that "verified" means "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3.

*Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035–36 (10th Cir. 2015).[2] The verification requirement is not jurisdictional. *Id.* at 1039. But "its non-jurisdictional nature does not bar an employer from raising a plaintiff's failure to satisfy the requirement as a defense." *Id.* In that regard, "an employer that identifies and raises a verification defect may still achieve the dismissal of a plaintiff's suit." *Id.* at 1040. This is so because the verification requirement is a "condition precedent" to filing suit in federal court. *Id.* at 1042.

Here, Plaintiff's charge of discrimination, filed with the EEOC, is not signed or verified. *See* Doc. No. 25–1.[3] Plaintiff specifically concedes that the charge she presented to the EEOC is unsigned. *See* Doc. No. 27, p. 9. Plaintiff thus failed to satisfy one of her conditions precedent to filing suit in federal court. *See Gad*, 787 F.3d at 1035–36 ("EEOC regulations . . . reiterate that a charge 'shall be in writing and signed . . . .'")(citation omitted). Her claims filed pursuant to Title VII, the ADA, the ADEA, the OADA, and the Rehabilitation Act are subject to dismissal on this basis alone.

Plaintiff contends that dismissal is not warranted because her unsigned charge is "irrelevant." Doc. No. 27, p. 9. She submits that her in-person meeting with "EEOC Investigator Lane" satisfies her verification requirement. *Id.* at 8–9. She is mistaken.

---

[2] Claims alleging violations of Title I of the ADA, the ADEA, the OADA, and the Rehabilitation Act are subject to the same EEOC pre-suit requirements as claims alleging violations of Title VII. *See E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1195 (10th Cir. 2003) (ADA); *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004) (ADEA); *Johnson v. Wal-Mart Stores E., LP*, No. 17-CV-341-GKF-FHM, 2017 WL 3586710, at *1 (N.D. Okla. Aug. 18, 2017) (OADA); *Greenlee v. U.S. Postal Service,* 247 F. App'x 953, 955 (10th Cir.2007) (Rehabilitation Act).

[3] Plaintiff argues that the Court cannot consider her EEOC charge of discrimination on a Rule 12(b)(6) motion. Doc. No. 27, p. 2. Under Federal Rule of Civil Procedure 12(d), a Rule 12(b)(6) motion must be converted to a motion for summary judgment if the Court considers matters outside the pleadings. However, where a plaintiff does not "attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff did not attach her EEOC charge, which she refers to in her Amended Complaint. Doc. No. 19, p. 21. Defendant is thus permitted to submit the document to the Court for consideration, especially considering Plaintiff does not dispute its authenticity.

EEOC's regulations are clear: before filing suit in federal court, claimants must present the EEOC with a verified charge, in writing. 29 C.F.R. § 1601.9. There does not appear to be any exceptions to this verification requirement for in-person meetings, nor does Plaintiff cite to any such exception. At bottom, Plaintiff did not "properly comply with the requirements Congress and the EEOC established." *Gad*, 787 F.3d at 1042. Her claims pursuant to Title VII, the ADA, the ADEA, the OADA, and the Rehabilitation Act are therefore dismissed without prejudice.

Regarding Plaintiff's other claims, filed pursuant to the NLRA and the FMLA, Defendant contends that dismissal is warranted because Plaintiff fails to state a claim upon which relief may be granted. Doc. No. 25, p. 9. Plaintiff objects generally, without any specific arguments relating to either Act. Doc. No. 27, pp. 23–27.

The NLRA provides employees with "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ." 29 U.S.C. § 157. The Act also places liability on employers who conduct "unfair labor practices". *See* 29 U.S.C. § 158(a). In her Amended Complaint, Plaintiff cites the Act once under her claim for retaliation. *See* Doc. No. 19, p. 2. Accordingly, the Court construes her claim pursuant to that Act as one for retaliation. In that regard, the NLRA provides that it is an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee" in retaliation for that employee's filing unfair labor practice claims with the National Labor Relations Board. *See* 29 U.S.C. § 158(a)(4). Plaintiff does not allege that she filed a claim with the

NLRB. Her retaliation claim pursuant to the NLRA must therefore be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's FMLA claim also appears to allege unlawful retaliation. *See* Doc. No. 19, pp. 13, 14. The FMLA prohibits an employer from discriminating against an employee for opposing a practice made unlawful by the FMLA. 29 U.S.C. § 2615(a)(2). To state a claim of FMLA retaliation, a plaintiff must show that "(1) she engaged in a protected activity; (2) [her employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006).

To that end, Plaintiff alleges that "Defendants created a pattern of abuse, that was offensive and unwelcome, with ill-will and malicious intent, because [Plaintiff] asked for disability accommodations and took leave under the FMLA . . . ." Doc. No. 19, p. 4. Specifically, she alleges that after she exercised her right under the FMLA to take leave for her disability, Defendant gave her an ultimatum to accept a double workload or find another job, *id.* at 5, changed her pay status from salary to hourly, *id.* at 10, gave her written warnings and forced her to participate in a performance improvement plan, *id.* at 11, and ultimately terminated her employment, *id.* at 12.

Defendant requests the Court dismiss Plaintiff's FMLA claim because she does not provide enough facts to state a claim to relief that is plausible on its face. Doc. No. 25, p. 9. Defendant does not, however, engage with Plaintiff's allegations or the statutory requirements under the FMLA—it makes only general and conclusory arguments about

6

Plaintiff's Complaint. *Id.* "It is the party's, and not the district court's, function to present the material facts to the court and then, in its analysis, apply those facts to the law." *See Mitchell v. City of Wichita, Kansas*, 140 F. App'x 767, 781 n.16 (10th Cir. 2005). Moreover, the Court "cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *See Haines*, 404 U.S. at 520–21 (internal quotation marks omitted).

For the foregoing reasons, the Court hereby grants Defendant's Motion to Dismiss in part and denies the motion in part. Plaintiff's claims pursuant to Title VII, the ADA, the ADEA, the Rehabilitation Act, the OADA, and the NLRA are dismissed without prejudice. Only her claim pursuant to the FMLA remains.[4]

**IT IS SO ORDERED** this 29th day of June 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] The Court admonishes the Plaintiff to follow the Court's Local Civil Rules when filing documents in the future. Plaintiff's Complaint and her responsive briefing failed to comport with a number of rules pertaining to the proper formatting of legal documents. *See, e.g.*, LCvR 5.2(a); LCvR 7.1(d)–(e).