```
FILED
DEC 02 2020
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMBERLY S. WOMACK,

    Plaintiff,

v.

MERCY HOSPITAL OKLAHOMA CITY, INC., et al.,

    Defendants.

Case No. 5:19-cv-00683-R

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND OR SUPPLEMENT PLEADINGS AND TO SUSPEND ADDITIONAL DEADLINES PENDING MEDIATION

    Plaintiff, Kimberly Womack, respectfully requests that the Court temporarily suspend and defer all timelines including an order to grant extensions for filing any amendments, supplemental pleadings and all responsive pleadings including all additional timelines from this date forward, pursuant to this Court's Order in the above-entitled action pending mediation for 60 days or until February 1, 2021. Plaintiff submits that extensions are necessary and most likely will continue to be required due to the current pandemic and the added burdens it has caused.

    Plaintiff further submits that alternative dispute resolution would be mutually beneficial to both parties and the Court to eliminate further case backlog and additional time and expense.

    Plaintiff has engaged in preliminary discussions with the Defendant regarding possible alternative dispute resolution and requests the Court's approval for mediation with the Defendant by the following Court approved mediation program and/or any other alternative dispute resolution process that may be agreed upon in a writing by the parties within the 60-day extension period:

1

OKLAHOMA COUNTY PROGRAM
Oklahoma State University - OKC Health Technology Building
900 North Portland
Oklahoma City, OK 73107
(405) 945-8664 Facsimile: (405) 945-3325
Lauren Craig-O'Brien, Director
early.settlement@osuokc.edu

The parties have discussed the mutual benefit of dispute resolution and are hopeful they will reach an agreement on the issues pursuant to this cause of action.

Discovery requests were made by Plaintiff to Defendant on October 15, 2020 and Defendant Responses were due to Plaintiff by November 17, 2020. Defendant requested and Plaintiff agreed to a two-week extension of the November 17, 2020 Discovery deadline for the Defendant to provide their Answers to Plaintiff's Interrogatories, Admissions, and Requests for Documents. Defendant has not yet responded to the Discovery requests despite the extension which was due on December 1, 2020. However, to facilitate the mediation, the Plaintiff believes it is important to focus on the remaining issues and therefore requests both parties refrain temporarily from formal discovery and motion practice (although the parties will continue to exchange information within the mediation process), and respectfully submit that re-engaging in active litigation at this juncture would be counterproductive to settlement efforts.

Further, Plaintiff requests in accordance with this 60-day period to allow for dispute resolution, including any other extensions filed subsequent to this extension, and/or as specified by the Court, that the period during which this proceeding is held in abeyance shall toll applicable statutory deadlines for claims pursuant to this action and/or any additional claims that may arise out of this action.

Plaintiff submits the following additional guidelines for approval of this Honorable Court:

**(A) *Mediation period.*** The mediation period shall be 60 days, beginning on the date of the first mediation session. Plaintiff requests that Court extend mediation for additional periods of time not to exceed 30 days per additional period, as is necessary and/or pursuant to mutual written requests of all parties to the mediation proceeding. The parties shall notify the Court whether they have reached any agreement by the end of the 60-day period.

**(B) *Party representatives.*** Plaintiff requests the Court stipulate that at least one principal of each party, who has the authority to bind that party, shall participate in the mediation and be present at any session at which the mediator(s) request that principal to be present.

**(C) *Confidentiality.*** Mediation is a confidential process, governed by the confidentiality rules of the Administrative Dispute Resolution Act of 1996(ADRA) (5 U.S.C. 574). In addition to the confidentiality rules set forth in the ADRA, the Plaintiff submits the following additional confidentiality protections:

> **(1)** Parties will sign an Agreement to Mediate. The Agreement to Mediate shall incorporate these rules by reference.
>
> **(2)** As a condition of participation, the parties and any interested parties joining the mediation must agree to the confidentiality of the mediation process as provided in this section and further detailed in an agreement to mediate. The parties to mediation, including the mediator(s), shall not testify in administrative or judicial proceedings concerning the issues discussed in mediation, nor submit any report or record of the mediation discussions, other than the settlement agreement with the consent of all parties, except as required by law.
>
> **(3)** Evidence of conduct or statements made during mediation is not admissible in any Court proceeding. If mediation fails to result in a full resolution of the dispute, evidence that is otherwise discoverable may not be excluded from introduction into the record of the underlying proceeding merely because it was presented during mediation. Such materials may be used if they are disclosed through formal discovery procedures established by the Court or other adjudicatory bodies.

**(D) *Abeyance.*** Except as otherwise provided for in the statutes, the parties request that this proceeding be held in abeyance while mediation procedures are pursued. The parties respectfully request the Court enter an Order directing this proceeding be held in abeyance pending the conclusion of mediation. Plaintiff respectfully requests that the period during which any proceeding is held in abeyance shall toll applicable statutory deadlines.

**(E) *Mediated settlements.*** Any settlement agreement reached during or as a result of mediation must be in writing and signed by all parties to the mediation. The parties need not provide a copy of the settlement agreement to the Court, or otherwise make the terms of the agreement public, but the parties, or the mediator(s), shall notify the Court that the parties have reached a mutually agreeable resolution and request that the Court terminate the underlying Court proceeding. Parties to the settlement agreement shall waive all rights of appeal to the issues resolved by the settlement agreement.

**(F)** *Partial resolution of mediated issues.* If the parties reach only a partial resolution of their dispute, the parties shall so inform the Court, and the parties shall file any stipulations they have mutually reached and ask the Court to reactivate the procedural schedule in the underlying proceeding to decide the remaining issues.

For the aforementioned reasons, the Plaintiff respectfully ask the Court to: (1) temporarily suspend for 60-days all deadlines pursuant to this action or until February 1, 2021; and (2) Order extending all deadlines for amendments and/or supplements pertaining to this cause of action for an additional 30 days after this extension; (3) issue an order that the period during which any proceeding is held in abeyance shall toll applicable statutory deadlines, and (4) require the parties to update the Court on the status of their case resolution efforts by no later than Monday, February 1, 2021. If additional substantial progress toward settlement terms has not been made by that time, the parties propose on that date to submit new deadlines for amending the Complaints, Discovery and additional timelines that are consistent with the time frames set forth by the Court in the Joint Status Report.

Respectfully submitted, this 2nd day of December, 2020.

*/s/ Kimberly Womack*
Kimberly S. Womack, Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Rule 26(a)(1) Initial Disclosures of Kimberly S. Womack, has been served upon the Defendant, Mercy Hospital's, attorneys of record, **Justin P. Grose, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**, by electronic document transfer on the 19th day of August, 2020.

*/s/ Kimberly Womack*
Kimberly S. Womack, Plaintiff, pro se
12905 Elrond Drive
Oklahoma City, OK. 73170
(405) 312-3189